(19 App. Div. 376.)

## STEIKER v. PLATH.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

INJURY TO TENANT—NEGLIGENCE OF LANDLORD.

In an action to recover damages for injuries caused to plaintiff by the fall of a shutter from a building owned by defendant, the plaintiff gave evidence tending to show a faulty construction of the shutter, sufficient by itself to require submission of the case to the jury. On behalf of the defendant it was shown, however, that the construction of the shutter had been approved by the building department of New York City, and also shown by the uncontradicted evidence of four witnesses that the fall of the shutter was caused by the act of a third party, over whom the defendant had no control. *Held*, that the complaint should have been dismissed.

Appeal from trial term.

Action by Annie Steiker against Ernst Plath. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

H. M. Gescheidt, for appellant.
C. G. F. Wahle, for respondent.

PATTERSON, J.   The plaintiff in this cause claims to have been injured by the falling of a shutter from a rear window of the second story of the house mentioned in the complaint, and charges that the shutter fell in consequence of the insecure manner in which it was attached to the wall of the house; thus imputing negligence to the defendant, who was the owner and landlord, in the construction and maintenance of this appurtenance to his property.   The plaintiff was a tenant of the basement floor of the house, in which premises she carried on the business of manufacturing hats.   She became a tenant in July, 1894.   The shutter fell on the 22d of August, 1894.   It was proven that the shutters on the rear of the house, including the one, that fell, were put up in the spring of 1894,—in April or May; that they were metal shutters, and were put on by the landlord in conse-quence of a requirement to that effect made by the building depart-ment of the city of New York.   It was also shown that after they were up they were examined by the building department and found to be proper.   There is an irreconcilable conflict of testimony as to the con-dition of the shutter when it fell, it being testified to by the witnesses for the plaintiff that not only did the metal shutter itself fall, but that there was attached to it, when it fell, an iron hook to which it had been secured in the wall, and that that hook was dislodged from the wall with the shutter.   The inference sought to be drawn from that circumstance is that the original construction was bad.   It was also sought to be shown that other shutters had fallen from rear windows of the premises, and that the defendant was advised and knew of their insecure condition, and had assured the plaintiff that the shutters were secure when she called his attention to their condition before the alleged accident happened.   One of the most marked conflicts in the testimony is upon the question of the condition of the shutters prior to the 22d day of August, 1894.   The conflict was so sharp that it is evident that upon that, as well as upon other material questions of fact, there can be no mere mistakes of witnesses, but there must be on one side or the other deliberate and willful perjury.   At the close of the plaintiff's case there was undoubtedly sufficient evidence to au-thorize the submission of the cause to the jury, but when the proof was all in the defendant moved to dismiss the complaint on the ground that it was shown by uncontradicted evidence that the cause of the falling of the shutter was something which could not be attributed to the defendant as negligence either in the construction or maintenance of the shutter.   The learned judge declined to dismiss the complaint on that ground, and we think that in this regard he was in error.   It stood uncontradicted that only a few months before the occurrence of the falling of the shutter it had been put up, on the requirement of the building department, and that its construction was approved by that department, and it was also shown by the uncontradicted testi-mony of four witnesses that the cause of the falling of the shutter was

the act of a person in the employ of the tenant of the second floor, in endeavoring to close the shutter in an improper way.     Three of the witnesses who testified as to that feature of the case were entirely disinterested.     Mr. Regensburg, a real-estate dealer, was in the yard of the premises at the time the shutter fell.     He testifies that he was looking up at the rear of the building, and noticed a young woman on the second floor trying to close the shutter with a stick.     She pried it off the hinges, and it fell down.     The witness Corn, who was also there at the time, said, "I looked up around the buildings, and I noticed in the second story a woman or a young girl was working there at the big, heavy, iron shutter, and the shutter fell down."     Miller, a witness, says that the girl was standing at the second story, working with the shutter, which she could not reach, and she took a big stick, and the shutter jumped out of the hook.     The witness Feisot says that he saw the girl working at the shutter; that there was a stick placed between the shutters in order to keep them open; that she took hold of the iron shutter by the ring, and without taking out the stick, and as she started to pull the shutter it was lifted from the hinge and fell. These four witnesses concur in ascribing the fall of the shutter to the act of the girl who was working at it at the second story. ·There are differences of detail in the accounts of these witnesses as to the exact thing the girl was doing,—differences which indicate the truthfulness of their story, for there is evidently no prepared accord of views and use of identical words as to the minute details of the situation.     The testimony of these witnesses is sufficient to show conclusively that by the interference of a third party, over whom this defendant had no control, that shutter was interfered with in such a way as to cause it to fall; that being the proximate cause of the occurrence, and not the negligence of the defendant in constructing or maintaining a shutter, the construction of which but a few months before had been approved by the building department of the city of New York.     The cause of the accident was thus proven beyond contradiction, and the court below should have granted the motion made at the close of all the proofs to dismiss the complaint.

Judgment reversed and a new trial ordered, with costs to abide the event.     All concur.