advance, the right to the possession of the premises, and the consideration for the demise and the covenants of the landlord, proceed, not from the actual payment of rent, but the promise or obligation to pay it. When default in the rent is made, the landlord may elect to terminate the tenancy, but he is not obliged to do so. He may prefer the obligation of the tenant to a termination of the lease, and until the lease is determined his obligation to repair remains in full force.

We think, however, that the rule of damages laid down by the trial court was incorrect. In general, the measure of damages is the difference between the rental value of the premises as they were and the rental value of the premises in a proper state of repair. Myers v. Burns, 35 N. Y. 269; Hexter v. Knox, 63 N. Y. 561. The respondent's recovery was not confined within such limits. He was allowed to recover the estimated profits of his business during the period the defendant was in default, the plaintiff having after the fire ceased to carry on business. No such special damages were alleged in the complaint. The allegation that the plaintiff was unable to carry on business on the premises was insufficient. Such damages, if recoverable at all, are recoverable only where the tenant is not only unable to carry on his business on the demised premises, but where his eviction from the demised premises prevents him from carrying on business at all. In fact, the claim for loss of business profits seems inconsistent with the allegations which are the necessary foundation of the cause of action. If the premises were rendered untenantable, then, under the terms of the lease, the tenancy ceased, and that was the end of the relation between the parties. If the premises were tenantable, it was the duty of the plaintiff to have continued to carry on his business upon them. He might either himself have made the repairs that were necessary, and charged the defendant with their cost, or he could recover the diminution in the rental value. He had not the right to abandon the premises unless they were untenantable, and, if they were untenantable, then the lease ceased.

The judgment should be reversed, and a new trial granted, costs to abide the event. All concur.

---

(23 Misc. Rep. 460.)

## GERLAN v. COOKE.

(Supreme Court, Appellate Term. May 3, 1898.)

NEGLIGENCE—INJURY TO LICENSEE.

　　The plaintiff, while attending a sale at defendant's auction rooms, was struck and injured by a table falling from above and behind her, so that she was not in a position to observe the cause of the accident. The only testimony on this point was given by two witnesses on behalf of defendant, who both testified that the fall of the table was occasioned by the act of a stranger who was examining the table. *Held* that, as there was no evidence of defendant's negligence, the complaint should have been dismissed.

Appeal from Ninth district court.

Action by Bridget Gerlan against Sarah E. Cooke. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Benjamin & Loeser, for appellant.

O. J. Hochstadter, for respondent.

BEEKMAN, P. J. The plaintiff has recovered judgment against the defendant for damages flowing from injuries which she has alleged, and which the court below has found, to have been caused by· the negligence of the defendant. The facts of the case are practically undisputed. The plaintiff testified that she went into the auction room of the defendant, who seems to have been engaged in the business of selling furniture and other articles at public auction, for the purpose of bidding at a sale which was then going on in that place. After she had entered the store, she observed, among other property apparently to be sold, three tables which were placed one upon the other, the table at the top being a small one, weighing about 10 pounds. She states that she was standing with her back to these tables when she heard a rattle behind her, and was immediately struck by the falling of the upper table, and suffered the injuries complained of. The witnesses on behalf of the defendant testified that the fall of the table was occasioned by the act of a stranger who was attending the sale, and who was seen by them handling the table, and that it fell while it was in her hands. This testimony was given, not only by an employé of the defendant, but also by another person, a bystander, who was entirely disinterested. The evidence thus given was not contradicted by the plaintiff. She herself was not in a position to observe the cause of the occurrence, nor did she produce any witness for the purpose of giving any other version of it. Upon this state of the facts, it is obvious that there was no evidence of negligence on the part of the defendant, and the justice below should have dismissed the complaint. Steiker v. Plath, 19 App. Div. 376, 46 N.·Y. Supp. 585.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

